John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (303) 953-0863
kara@kwelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| CARLOS BRITO, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No. |
| | : | |
| DESERPA COLORADO ONE, LLC, a | : | |
| Colorado Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

## **COMPLAINT**

Plaintiff, CARLOS BRITO, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DESERPA COLORADO ONE, LLC, a Colorado Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Statutes 24-34-60, et

seq.

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C.  §12181, *et seq.*

1.     Plaintiff, Carlos Brito, is an individual residing in Miami, FL, in the County of Miami Dade; and in Colorado Springs, Co, in the County of El Paso.  Mr. Brito resides in Colorado Springs for regular durations throughout the year.  He also holds a Colorado Driver's license, and owns property in Colorado Springs, CO.

2.     Defendant's property, Berkshire Center, is located at 5600-5674 N. Academy Blvd., Colorado Springs, CO 80918, in the County of El Paso.

3.     Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff Carlos Brito, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.  Mr. Brito relies on a manual wheelchair for mobility.

6.     Mr. Brito visited the subject shopping center on numerous occasions, and intends to return to the shopping center in the near future.  Mr. Brito has encountered architectural barriers at the subject property.  The barriers to access at the subject property have endangered his safety.

7.     Defendant owns, leases, leases to (or operates) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public

accommodation that the Defendant owns, operates, leases or leases to is known as Berkshire Center, and is located at 5600-5674 N. Academy Blvd., Colorado Springs, CO 80918.

8.      Carlos Brito has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Carlos Brito desires to visit the subject property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.      The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Berkshire Center has shown that violations exist.  These violations that Carlos Brito personally encountered or observed include, but are not limited to:

### Parking

A.  Plaintiff could not access stores and accessible parking as spaces designated for disabled use lack proper identification signage and several contain excessive unsafe and non compliant level changes or slopes within the spaces in violation of ADAAG Section 4.6 and Section 502 of the 2010 ADAS.

B.  There are no access aisles for the plaintiff to unload and transfer from his car as required by Section 4.6 of the ADAAG and 2010 ADAS Section 502 in

several of the spaces which are designated for disabled use at the center and others are impeded or lack access to the stores.

C.  Several of the disabled parking spaces do not lead to an accessible route in violation of Standards Section 402.2.  This prevented access by the plaintiff.

**Entrance Access and Path of Travel**

D.  Plaintiff had difficulty with paths of travel which have less than 36" clear width due to non-compliant aisles, fixtures, tables and displays present in the stores and restaurants at the center violating ADAAG Section 4.3 and Section 403 of the 2010 ADA Standards, resolution is readily achievable.

E.  Plaintiff had difficulty on the path of travel due to cross slopes at the center and ramps without handrails violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

F.  Routes from public sidewalks and bus stops to the building violate Section 4.3 of the ADAAG and 2010 ADAS Section 206.  This condition denied access to public transportation by the plaintiff.

**Access to Goods and Services**

G.  The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

H.  There is no compliant accessible route to shopping areas at the Bargain Store and other tenants for the plaintiff at the facility due to obstructions and inadequate width in aisles created by stocked goods violating the ADAAG and 2010 ADA Standards.

I.  The plaintiff could not use counters at Third Space Coffee, and other tenants, who fail to provide accessible sales or writing surfaces and violate the ADAAG and 2010 ADAS.

**Public Restrooms**

J.  At Third Space Coffee and India Palace, Plaintiff could not transfer as the water closets lack transfer space and have improper grab bars violating ADAAG Section 4.17 and 2010 ADAS Section 604. Water closet centerlines are over 19" from side walls violating Section 4.16 of the ADAAG and 2010 ADAS Section 604, resolution is readily achievable.

4

K.    At Third Space Coffee and India Palace, Plaintiff could not enter restroom stalls with no accessible door hardware, inadequate clear width and maneuvering space violating ADAAG Sections 4.13 as well as 2010 ADAS Section 404 resolution is readily achievable.

L.    Plaintiff could not use the urinals in Third Space Coffee violating ADAAG Section 4.18 and 2010 ADAS Section 605 resolution is readily achievable.

M.    Plaintiff could not use improperly mounted dispensers or mirrors at named tenants, which violate ADAAG Sections 4.2, 4.17 and 4.19 and 2010 ADAS Sections 308, 603 and 604.

N.    Plaintiff could not use lavatories at certain tenants, which lack knee clearance, approach space and pipe wrap, violating ADAAG Section 4.19 as well as 2010 ADAS Section 606.

**Maintenance**

O.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12.    The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place

of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs,

28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.    The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

**COUNT II**
**VIOLATION OF COLORADO ANTI-DISCRIMINATION ACT ("CADA")**
(Colo. Rev. Stat. § 24-34-601, *et seq.*)

18.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

19.    Under the CADA:

> It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability . . , the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation[.]   Colo. Rev. Stat. § 24-34-601(2).

20.    Pursuant to the implementing state regulations, the CADA is "substantially equivalent to Federal law, as set forth in the Americans with Disabilities Act . . ." 3 CO ADC 708-1:60.1(B). The regulations further provide that "[w]henever possible, the interpretation of state law concerning disability shall follow the interpretations established in Federal regulations adopted to implement the Americans with Disabilities Act . . . and in the Federal case law interpreting the Americans with

8

Disabilities Act . . ." 3 CO ADC 708-1:60.1(C).

21.     As set forth above, Defendant has violated the CADA by denying individuals who use wheelchairs the full and equal enjoyment of the goods, facilities, services and accommodations of the Berkshire Center.

22.     Defendant's violations of the CADA have harmed Mr. Brito and will continue to harm Mr. Brito in the absence of the injunction sought herein.

23.     Mr. Brito has been damaged and will continue to be damaged by Defendant's violations of the CADA.

24.     Any Person who violates Section 24-34-601 "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby . . ." Colo. Rev. Stat. § 24-34-602(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A.     That this Court assume jurisdiction;

B.     That this Court issue an injunction ordering Defendant to comply with the ADA and the CADA;

C.     That this Court award monetary damages to Mr. Brito to the maximum extent permitted;

D.     That this Court award Mr. Brito' reasonable attorneys' fees, litigation expenses and costs;  and

E.     That this Court award such additional or alternative relief as may be just, proper and equitable.

      F.      The Order shall further require the Defendant to maintain the required accessible

features on an ongoing basis.

                              Respectfully submitted,

                               /s/John P. Fuller
                              John P. Fuller, Esq.
                              Fuller, Fuller & Associates, P.A.
                              12000 Biscayne Blvd., Suite 502
                              North Miami, FL 33181
                              Tel. (305) 891-5199
                              jpf@fullerfuller.com

                              Kara W. Edmunds, Esq.
                              Edmunds Law Firm
                              2280 Forest Avenue
                              Boulder, CO  80304
                              Tel. (303) 953-0863
                              kara@kwelaw.com

                              Attorneys for Plaintiff Carlos Brito